IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND<br>　　　　Plaintiffs,<br><br>　　v.<br><br>TODO EXCAVATION & GRADING, INC.<br>　　　　Defendant. | CASE NO.:   2:18-cv-82 |

# **COMPLAINT**

The Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, by their undersigned attorney, hereby complain of Defendant, **Todo Excavation & Grading, Inc.** as follows:

JURISDICTION AND VENUE

1.	This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2. This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Funds offices are located at 1300 Clark Road, Gary, Indiana, the Funds are administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

## PARTIES

3. Plaintiffs are the Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2).  The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and are therefore "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3). The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4. Todo Excavation & Grading, Inc. ("Todo") is an Indiana corporation, whose principal place of business is in Portage, Indiana.

2

5. Todo is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6. Todo is a party to a Collective Bargaining Agreement with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO (hereinafter "the Union").

7. Todo employs and has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement, and agreements referred to therein.

8. The Collective Bargaining Agreement requires Todo to make periodic contributions on behalf of its employees to the Funds, in amounts established by the applicable Collective Bargaining Agreement.

9. The Collective Bargaining Agreement further provides that the Funds were created by and maintained pursuant to the Trust Agreements pursuant to collective bargaining agreements between certain employers and the union.

10. The Pension Fund Trust Agreement provides in Article VI, in pertinent part:

> 6.02   The Trustees, in their fiduciary capacities, shall have the power to demand and collect the Contributions of the Employers to the Trust.  The Trustees may take any and all steps, including the institution and prosecution of and intervention in any legal proceeding, that may be necessary or desirable to effectuate the collection or preservation of Contributions or other moneys which may be due and owing to the Trust...
>
> 6.03   The Trustees shall have the right to have payroll records of any Employer audited by a reputable firm of certified public accountants... [I]f the Employer is found to be delinquent in Employer Contributions, the Employer shall pay the cost of such audit.

3

> 6.04 An Employer delinquent in making Employer Contributions shall be obligated to pay interest on all moneys due the Trust at such rates as the Trustees shall from time to time determine or, if no such interest rate has been determined by them, at the interest rate assessed from time to time under the Internal Revenue Code on delinquent income taxes, which rate shall be applied in a uniform and non-discriminatory manner, together with all expenses of collection incurred by the Trustees, including costs and legal fees.
>
> ....
>
> 6.05 The Trustees shall have the authority to assess liquidated damages against an Employer who is delinquent in making Employer Contributions. This charge shall be in an amount that the Trustees shall from time to time determine and shall constitute liquidated damages and not a penalty, it being agreed that the trust in fact sustains actual damages as a result of such delinquencies and it being further agreed that the amount and extent of such damages are difficult if not impossible to ascertain.
>
> ....
>
> 6.07 Each Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust...

11. Todo has violated its obligations under the Collective Bargaining Agreement, the terms of the Trust Agreements, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to make all required contributions. Since 2015, Todo has consistently paid contributions late. This has caused increased costs to the Pension Fund, including thousands of dollars in attorney fees and costs for

4

collection of delinquent contributions and interest. As of the date of filing of this lawsuit, Todo owes delinquent contributions for October 2017 through the current time.

12. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement, specifically payment of all required Pension Fund, Training and Apprenticeship Trust Fund and Annuity Fund contributions.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment and Order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A. Finding and declaring that Defendant is in violation of the Collective Bargaining Agreement, the Trust Agreement, Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301(a) of LMRA, 29 U.S.C. § 185(a);

B. Ordering Defendant to submit to a payroll audit;

C. Ordering Defendant to pay to the Funds all delinquent amounts and all amounts currently owed;

D. Ordering Defendant to pay to the Funds interest on all delinquent contributions;

E. Ordering Defendant to pay to the Funds liquidated damages in the amount of 20% of all delinquent contributions;

F. Ordering Defendant to pay to the Funds their reasonable attorneys' fees and costs, including costs of the payroll audit; and

G. Granting Plaintiffs such other and further relief as the Court may deem just.

By:    /s/   Teresa A. Massa
       Teresa A. Massa, #16133-45
       1158 W. Lincolnway, Ste. 2
       Valparaiso, Indiana 46385
       (219) 465-1766
       Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 1st day of March, 2018, on the following:

| | |
|---|---|
| The Office of Division Counsel | Secretary of Labor |
| Associate Chief Counsel (TE/GE) CC:TEGE | 200 Constitution Ave., N.W. |
| Room 4300 | Washington, D.C.   20210 |
| 1111 Constitution Ave. | Attn: Asst. Solicitor for Plan Benefits Security |
| Washington, D.C.   20224 | |

                                                    /s/   Teresa A. Massa